| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |
|---|---|

CIVIL MINUTES – GENERAL

Case No. SACV 14-01001-CJC(DFMx)                                           Date:  July 17, 2014

Title: <u>BLUE SKY FUND, LLC V. NATALIA N. FLORES</u>

---

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Michelle Urie</u>                                           <u>     N/A     </u>
Deputy Clerk                                                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                 None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

     Plaintiff Blue Sky Fund, LLC ("Blue Sky") filed this unlawful detainer action against Defendant Natalia Flores in Orange County Superior Court on May 30, 2014. (Dkt. No. 1, Exh. A ["Compl."].)  Blue Sky is a California Limited Liability Company and Ms. Flores is a resident of Orange County, California.  (Compl. ¶¶ 1, 6.)  The Complaint alleges that on April 15, 2014, Blue Sky became the owner of real property located at 66 Tradewinds, Aliso Viejo, CA 92656 by purchasing it at a trustee's sale following foreclosure proceedings.  (Compl. ¶ 5.)  Blue Sky seeks to gain possession of the property from Ms. Flores, the previous owner, because she has not vacated the property.  (Compl. ¶¶ 7–11.)  On June 30, 2014, Ms. Flores removed the action to this Court asserting subject matter jurisdiction under 28 U.S.C. § 1331.  (Dkt. No. 1 ["Notice of Removal"].)  According to the Notice of Removal, a statutory basis for federal jurisdiction exists because "[Blue Sky's] claim is based upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201."  (Notice of Removal ¶ 7.)  Ms. Flores contends that this statute is in controversy because Blue Sky allegedly did not comply with the 90-day notice period required by the statute prior to filing state eviction proceedings.

     Under the "well-pleaded complaint rule," federal question jurisdiction is present only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  This occurs when the well-pleaded complaint "establishes either that federal law creates the cause of action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-01001-CJC(DFMx)            Date: July 17, 2014
                                                                           Page 2

---

or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). A defense or counterclaim based on federal law does not give rise to federal question jurisdiction. *Id.* at 10. If it appears that the district court lacks subject matter jurisdiction at any time prior to the entry of final judgment, the case must be remanded to state court. *See* 28 U.S.C. § 1447(c).

       Blue Sky's Complaint states a single claim for unlawful detainer under California law. This action therefore does not arise out of federal law. The federal basis asserted by Ms. Flores, the "Protecting Tenants at Foreclosure Act of 2009," is at most a defense to the unlawful detainer action, and thus does not confer subject matter jurisdiction. *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court."). Nor does the straightforward federal issue presented by this defense — whether there was compliance with the 90-day period — present a "substantial federal issue." *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). The Court finds that it is without subject matter jurisdiction to entertain this matter. This action is hereby **REMANDED** to Orange County Superior Court.

bsc

MINUTES FORM 11
CIVIL-GEN                                                                      Initials of Deputy Clerk MU